UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QFS TRANSPORTATION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02356-TWP-MJD |
| ) | |
| INTERMODAL CARTAGE CO,. LLC. d/b/a ) | |
| INTERMODAL CARTAGE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' RENEWED MOTION TO RECONSIDER**

This matter is before the Court on the motion of Defendants Intermodal Cartage Co., LLC and IMC Companies—National Accounts, LLC, (hereinafter "Defendants") entitled Defendants' Renewed Motion to Reconsider Order on Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 102.] The basis of the motion is that Plaintiff's rejection of a settlement offer from non-diverse Defendant Masterbrand Cabinets, LLC, ("Masterbrand"), that would have made Plaintiff whole as to that Defendant demonstrates that Plaintiff's motive in adding Masterbrand as a Defendant was to destroy diversity and return this case to state court. As the Court has recognized, the motive for seeking joinder of a nondiverse defendant is one of the factors relevant to the inquiry pursuant to 28 U.S.C. § 1447(e). *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). As the Court also has previously recognized—twice—Defendants' motive argument "wholly ignores 'the fact that Plaintiff has pled a claim based on a federal statute and asserted—albeit misguidedly—that federal question jurisdiction would govern the proposed amendment,'" and, therefore, "Plaintiff's own proposed amended complaint would not have destroyed this court's jurisdiction had it been granted leave

to file it." [See Dkt. 83 at 4 (quoting [Dkt. 44 at 12]).] That fact remains. Accordingly, the Court declines to reconsider its prior ruling with regard to Plaintiff's "motive" at the time it moved to amend its complaint.

Nor does the Court consider the events in *QFS Transportation, LLC v. Magnolia Transport Co., LLC et al.*, No. A2202936 (Hamilton Cty., OH Ct. Cmn. Pleas), to be relevant to the "other relevant equitable considerations" factor set forth in *Schur*. Those events did not involve the Defendants in this case and are for the Ohio court to deal with. Defendants cite no authority for the proposition that conduct in an entirely unrelated case is relevant as an equitable consideration in this case. Nor is the fact that Plaintiff rejected Masterbrand's settlement offer a proper equitable consideration with regard to whether Plaintiff's motion to amend was properly granted; that determination must be made with regard to facts that existed at that time, not on events that occurred subsequently.

For the reasons set forth above, Defendants' Renewed Motion to Reconsider Order on Plaintiff's Motion for Leave to File Amended Complaint, [Dkt. 102], is **DENIED**.

SO ORDERED.

Dated:  8 SEP 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.